# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAREN DAVIDSON, | * |
| Plaintiff, | * |
| v. | *  CIVIL NO. JKB-17-1067 |
| SARNOVA, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Karen Davidson ("Plaintiff") filed suit against Sarnova, Inc. ("Defendant"), her former employer, alleging, *inter alia*, that Defendant discriminated against her on the basis of disability and retaliated against her for seeking an accommodation for her disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-1001 *et seq.* Defendant moved to dismiss Plaintiff's post-discharge retaliation claims. (ECF No. 14.) The Court granted the motion and dismissed those claims for lack of subject matter jurisdiction. (ECF No. 23.) Now pending before the Court is Plaintiff's Motion for Partial Reconsideration and/or for Clarification of the Order Dismissing Plaintiff's Post-Discharge Retaliation Claims. (ECF No. 25.) The issues have been briefed (ECF Nos. 25 & 31), and no hearing is required, Local Rule 105.6 (D. Md. 2016). For the reasons explained below, Plaintiff's motion for reconsideration will be DENIED, but she will be GRANTED LEAVE to file an amended complaint.

## I. Background[1]

The relevant background is largely set forth in the Court's previous order granting Defendant's motion for partial dismissal. (ECF No. 23.) In her original complaint, Plaintiff alleged that she was terminated by Defendant in retaliation for engaging in a protected activity under the ADA and FEPA—namely, seeking a reasonable accommodation for her purported disability. Plaintiff subsequently filed an amended complaint in which she alleged for the first time that Defendant engaged in multiple *post-discharge* acts of retaliation against her. Again, Plaintiff contended that this retaliation was in response to her seeking a reasonable accommodation for her disability while she was still employed by Defendant. The Court granted Defendant's motion to dismiss these new, post-discharge retaliation claims because Plaintiff had failed to administratively exhaust them.

In granting Defendant's motion, the Court expressly rejected Plaintiff's argument that her retaliation claim fell under an exception to the ADA's administrative exhaustion requirement. That exception, which applies to claims arising out of retaliatory action taken *in response to the filing of an administrative complaint*, was not implicated by Plaintiff's First Amended Complaint, which alleged that Defendant's retaliatory action was taken in response to Plaintiff's request for a reasonable accommodation. Plaintiff now seeks to amend her complaint, apparently in an attempt to remedy this deficiency.

Plaintiff seeks to add the following allegations regarding Defendant's purported post-discharge conduct to her complaint:

- Plaintiff signed her charges to the District of Columbia Office of Human Rights (DCOHR) on June 16, 2015.

---

[1] Considering that this Memorandum evaluates a Rule 12 motion to dismiss, the Court here summarizes the allegations as presented by Plaintiff in her complaint and her motion seeking leave to amend her complaint. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

- Plaintiff's administrative charge of retaliation remained pending until the date that the EEOC adopted the findings of DCOHR and provided notice of suit rights on or about Nov. 18, 2016.

- In April 2015, POM Medical LLC began discussions with Plaintiff on how Defendant had handled its products.

- In April 2015, POM Medical LLC was interested in Plaintiff's skills and experience to employ her or otherwise contract for her services.

- Negotiations were very strong and continued until July 6, 2015, at which time the company informed her that it would be imminently meeting with and signing regional distributors.

- After July 6, 2015, POM Medical LLC completely refused to communicate with Plaintiff.

- Plaintiff is aware that Defendant Sarnova has made false and defamatory statements that Plaintiff was other than a competent and successful employee, that Plaintiff had committed fraud, had taken action with the intention that these statements be made to others in the industry, and had issued a no contact order with threats to employees.

- Upon information and belief, Defendant Sarnova communicated with POM Medical LLC within days after being notified of the administrative charges and within weeks after Plaintiff had filed her administrative charges and Defendant Sarnova provided this same false and defamatory information to POM Medical LLC.

(ECF No. 25, Pl.'s Mot. for Partial Recons., at 3–4.)

In addition, Plaintiff wishes to add to her complaint a claim for tortious interference with economic relations against Defendant based on Defendant's alleged interference with her job discussions with POM Medical. In support of this entirely new claim, plaintiff sets forth the following allegations:

- Plaintiff would have provided competitive services to POM Medical LLC or otherwise reduced the need for Defendant to distribute its products.

- Defendant interfered with Plaintiff's imminent employment with POM Medical LLC by intimidating POM Medical, by defaming the Plaintiff and providing injurious falsehoods about the Plaintiff.

- The Defendant's intentional and willful acts were intended to injure Plaintiff's employment and business relationship prospects with POM Medical LLC.

- The Defendant's acts were undertaken with the malicious purpose to cause harm to Plaintiff's employment and business relationship prospects with POM Medical LLC.

- The Defendant's acts damaged Plaintiff's employment and business relationship prospects with POM Medical LLC.

(*Id.* at 4.)

## II. Legal Standard

### A. *Motion for Reconsideration*

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case (i.e., interlocutory orders). That rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b). "The precise standard governing a motion for reconsideration of an interlocutory order is unclear." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015). What is clear, is that such motions "are not subject to the strict standards applicable to motions for reconsideration of a *final* judgment" under Rules 59(e) and 60(b). *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (emphasis added). "Although the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, courts frequently look to these standards for guidance in considering such motions." *Butler*, 307 F.R.D. at 449 (citation omitted). Under Rule 59(e), a motion to amend a final judgment may be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). And under Rule 60(b), a court may grant relief from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." *Butler*, 307 F.R.D. at 449 (citing Fed. R. Civ. P. 60(b)). Although there may be many valid reasons to reconsider an order, "a motion to reconsider is not a license to reargue the merits or present new evidence" that was previously available to the movant. *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992)).

### B. *Motion for Leave to Amend*

In the circumstances presented here, when a plaintiff's motion is filed within the deadline that has been set in a scheduling order for filing motions for amendment of pleadings,[2] a motion for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

To withstand a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[2] The deadline set by the Court filing amendments of pleadings is December 4, 2017. (ECF No. 27, Scheduling Order.)

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. However, "a well–pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

## III. Analysis

### A. Motion for Reconsideration

The heading of Plaintiff's motion suggests that she would like the Court to reconsider its previous order granting Defendant's motion for dismissal of her post-discharge retaliation claims. However, Plaintiff does not indicate any valid reason or, for that matter, any reason at all in support of her motion for reconsideration. Rather, Plaintiff simply reargues the merits of her position regarding administrative exhaustion of retaliation claims. In doing so, Plaintiff cites the same case she previously cited in support of her position. The case relied on by Plaintiff is *nonbinding* authority and, in any event, is *consistent with and supports* the Court's order finding that retaliation claims need not be administratively exhausted only when the alleged retaliation is in response to a previously filed administrative claim. *See Allen v. Rumsfeld*, 273 F. Supp. 2d 695, 704 (D. Md. 2003) ("[A] plaintiff alleging retaliation *arising from the filing of a Title VII*

*charge* may do so for the first time in court if the retaliation allegedly occurs while her underlying charge is pending." (emphasis added)). Accordingly, Plaintiff's motion for reconsideration will be DENIED.

### B. *Motion for Leave to Amend*

Despite the styling of Plaintiff's motion, it appears that what she actually desires is leave to amend her complaint. The bulk of the motion sets forth additional allegations that, at least on their surface, appear to remedy the deficiencies in one of Plaintiff's post-discharge allegations. Assuming the Court treats the motion as one for leave to amend, Defendant contends that it should be denied because Plaintiff failed to attach a copy of her proposed amended pleading, as required by Local Rule 103.6a, and, in any event, the proposed amendment would be futile because it fails to state a plausible claim for retaliation under the ADA/FEPA or tortious interference with economic relations.

#### 1. *Retaliation Claims*

Defendant contends that the proposed amendments to Plaintiff's retaliation claim would be futile because they do not contain sufficient factual allegations to state a plausible claim for relief under the ADA or FEPA. In order to state a claim for retaliation under the ADA, Plaintiff must allege that (1) she engaged in protected activity; (2) her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action.[3] *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001). In her proposed amendments, Plaintiff alleges that:

---

[3] FEPA, as the Maryland state analog to the ADA, prohibits substantially the same retaliatory conduct as the ADA. Accordingly, courts generally treat the analysis of a retaliation claim under the ADA and FEPA as coterminous. *See, e.g.*, *Rhodes v. Comcast Cable Commc'ns Mgmt.*, LLC, No. CV GLR-14-1824, 2016 WL 4376653, at *7 (D. Md. Aug. 17, 2016) (applying ADA claim analysis "as its analysis for [Plaintiff's] FEPA claims"); *Schmidt v. Town of Cheverly, MD*, 212 F. Supp. 3d 573, 580 (D. Md. 2016) (noting that "Maryland courts have 'traditionally [sought] guidance from federal cases in interpreting Maryland's FEPA.'" (quoting *Eubanks v. Mercy Med. Ctr., Inc.*, No. CV WDQ–15–513, 2015 WL 9255326, at *7 (D. Md. Dec. 17, 2015))).

1. She filed an administrative complaint (i.e., engaged in protected activity);

2. Defendant contacted POM and provided false information about her which caused POM not to hire her (i.e., an adverse action by her employer); and

3. Defendant contacted POM shortly after it became aware of Plaintiff's administrative complaint (i.e., a causal connection between the adverse activity and the protected action).

Notably, these proposed amendments directly address the deficiency in Plaintiff's previous complaint: Plaintiff now alleges that Defendant took a specific post-discharge adverse action against her directly in response to her filing an administrative complaint. Therefore, to the extent the allegations are plausible they fall within the *Nealon* exception to administrative exhaustion previously recognized by the Court. (*See* ECF No. 22, Memorandum, at 8–9 (discussing the administrative exhaustion exception recognized by the Fourth Circuit in *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992).)

Defendant contends that the proposed amendments would be futile because they still do not contain sufficient factual allegations to state a plausible claim for relief under the ADA/FEPA. Defendant primarily takes issue with Plaintiff pleading "upon information and belief" that Defendant contacted POM. Defendant contends that this allegation is "purely speculative, since Plaintiff asserts no factual basis to link Sarnova with POM's refusal to hire her." (ECF No. 31, Def's Opp'n to Pl.'s Mot. for Partial Recons., at 6.) Defendant mistakes Plaintiff's burden at the pleading stage, however. At this stage in the proceedings, Plaintiff need not definitively link Defendant to POM's refusal to hire her. Rather, she need only state a claim against Defendant that is plausible on its face.

Although Plaintiff's crucial allegation is based solely "upon information and belief," this is a permissible way to indicate a factual connection that a plaintiff reasonably believes is true but for which the plaintiff may need discovery to gather and confirm its evidentiary basis. *See* Fed.

R. Civ. P. 11(b) advisory committee's note to 1993 amendment. Indeed, "allegations in this form have been held to be permissible, even after the *Twombly* and *Iqbal* decisions." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224 (3d ed.); *see also, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged "upon information and belief"' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." (citations omitted) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008))). Of course, a plaintiff may not rely *exclusively* on conclusory allegations of unlawful conduct, even where alleged "upon information and belief." However, in this case Plaintiff has pleaded *specific factual allegations* involving her contacts with POM and the cessation of those contacts shortly after she filed her administrative complaint against Defendant. Plaintiff's reliance on information and belief to connect Defendant to this specific adverse action is of no moment because the alleged facts are peculiarly within the possession and control of Defendant, and the allegation is plausible given the context provided by Plaintiff's specific factual allegations.

Moreover, the Fourth Circuit has held that "a causal connection for purposes of demonstrating a prima facie case [of retaliation] exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004), *abrogated on other grounds by Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243 (4th Cir. 2015); *cf. Williams v. The Nashville Network*, 132 F.3d 1123, 1132 (6th Cir. 1997) (finding causal connection where secretary forwarded plaintiff's applications for further consideration prior to EEOC complaint, but did not forward subsequent applications). Plaintiff's proposed amendments allege that Defendant took an adverse,

9

retaliatory action against her shortly after learning of her administrative complaint. Accordingly, Plaintiff has stated a plausible claim for retaliation under the ADA and FEPA.

### 2. *Tortious Interference with Economic Relations Claim*

Defendant argues that permitting Plaintiff to add a claim for tortious interference with economic relations to her complaint would also be futile because "the proposed allegations fail to state a claim for that tort as a matter of law." (ECF No. 31 at 7.) To state a claim for tortious interference with economic relations under Maryland law, a Plaintiff must plead facts that show: "(1) intentional and willful acts; (2) calculated to cause damage to the plaintiff[ ] in [her] lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants; and (4) actual damage and loss resulting ." *Berlyn, Inc. v. Gazette Newspapers*, 223 F. Supp. 2d 718, 741 (D. Md. 2002).

Defendant raises two issues in regard to Plaintiff's proposed tortious interference with economic relations claim. First, as with Plaintiff's retaliation claim, Defendant argues that the allegations are "insufficient to *show*" that Defendant communicated with POM. (ECF No. 31 at 8. (emphasis added).) This argument fails for the same reasons explained *supra*. Plaintiff need not show that Defendant communicated with POM at this stage in the proceedings. Rather, she must only allege facts that support a plausible inference that Defendant did so. Plaintiff has met this burden.

Second, Defendant argues that Plaintiff fails to plead a prima facie case for tortious interference with economic relations because she "does not allege that [she] suffered any damage and loss resulting from any alleged communications by Sarnova" because "POM's stated reason not to [sic] hire Plaintiff was unrelated to any alleged Sarnova communications."[4] (*Id.*)

---

[4] Defendant also contends that Plaintiff fails to allege that she "would have received a job offer from POM in the absence of any such alleged communication." (ECF No. 31 at 8.) While Plaintiff does not expressly state that

Defendant again misconstrues Plaintiff's burden at the pleading stage. Plaintiff need not allege that POM told her that it was not hiring her because of Defendant's alleged tortious conduct. Instead, she simply must allege that Defendant's purported conduct caused her actual damage and loss. Plaintiff's proposed amendments state that "Defendant's acts damaged Plaintiff's employment and business relationship prospects with POM Medical LLC." (ECF No. 25 at 4.) Nothing more is required at this juncture.

### 3. *Local Rule 103.6*

Plaintiff's proposed amendments appear to be valid in substance as explained *infra*; however, the form in which she has presented them to the Court is improper. Plaintiff failed to comply with the local rule requiring that a party who "files a motion requesting leave to file an amended pleading," include with the motion "the original of the proposed amended pleading." Local Rule 103.6 (D. Md. 2016). Nevertheless, because Plaintiff included her proposed new allegations in her current motion, the court was able to use this information to make a determination regarding her right to amend her complaint under Rule 15(a).

Notwithstanding the Court's generous construal of the current motion, Plaintiff shall file a proper motion to amend her complaint that is accompanied by the original of the proposed amended pleading. The amended complaint shall assert only those post-discharge claims described in Plaintiff's motion for partial reconsideration, her tortious interference with economic relations claim, and any claims not disposed of by the Court's previous order granting partial dismissal. To be clear, Plaintiff's proposed amendments provide *no basis* to revive most of her post-discharge retaliation claims, including those regarding Defendant's purported no-

---

she would have received a job *but for* Defendant's alleged tortious conduct, this fact is implicit throughout her allegations. For instance, she states that she "would have provided competitive services to POM Medical LLC or otherwise reduced the need for Defendant to distribute its products." (ECF No. 25 at 4.) And she further alleges that "Defendant interfered with Plaintiff's imminent employment with POM Medical LLC." (*Id.*) These allegations are sufficient to state a plausible claim that Defendant's alleged conduct caused Plaintiff to suffer damage and loss.

contact order to employees and statements made to administrative agencies. As such, these claims shall not be included in her amended complaint because they would be futile.

## IV. Conclusion

For the foregoing reasons, an Order shall enter DENYING Plaintiff's Motion for Partial Reconsideration. (ECF No. 25.) Plaintiff, however, is GRANTED LEAVE to file a motion to amend her complaint.

DATED this 17th day of November, 2017.

BY THE COURT:

/s/
James K. Bredar
Chief Judge